*ISSUED TO ATTORNEY*

FILED

04 OCT 22 PM 3: 26

NORTHERN ... OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAGNUM TOWING & RECOVERY, LLC<br>3400 South Avenue<br>Toledo, Ohio 43607<br><br>and<br><br>ANNA PETREY<br>3400 South Avenue<br>Toledo, Ohio 43607<br><br>Plaintiffs<br><br>vs.<br><br>CITY OF TOLEDO<br>525 North Erie Street<br>Toledo, Ohio 43624-1393<br><br>and<br><br>OFFICER KATHY TRAUTMAN<br>c/o Toledo Police Department<br>525 North Erie Street<br>Toledo, Ohio 43624-1393<br><br>and<br><br>CAPTAIN JEFF HENESSEY<br>c/o Toledo Police Department<br>525 North Erie Street<br>Toledo, Ohio 43624-1393 | CASE NO. **3:04CV7671**<br><br>JUDGE **JUDGE DAVID A. KATZ**<br><br>JUDGE _____<br><br><br><br><br><br><br><br><br><br><u>**COMPLAINT FOR DAMAGES<br>AND DECLARATORY/<br>INJUNCTIVE RELIEF WITH<br>JURY DEMAND ENDORSED<br>HEREON**</u> |

| | |
|---|---|
| and | ) |
| | ) |
| KATHY TRAUTMAN, in | ) |
| her individual capacity | ) |
| c/o Toledo Police Department | ) |
| 525 N. Erie Street | ) |
| Toledo, Ohio 43624 | ) |
| | ) |
| and | ) |
| | ) |
| JEFF HENESSEY, in | ) |
| his individual capacity | ) |
| c/o Toledo Police Department | ) |
| 525 N. Erie Street | ) |
| Toledo, Ohio 43624 | ) |
| | ) |
| Defendants | ) |

Now come Plaintiffs, by and through the undersigned Counsel, and for their Complaint against Defendants City of Toledo, et al., allege as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as federal questions are involved and under 28 U.S.C. § 1343 (a)(3) because Plaintiffs seek the redress of deprivation under color of state law of rights secured to them by Acts of Congress providing for equal rights.

3. This Court may exercise personal jurisdiction over the Defendant City of Toledo because it is a political subdivision in the State of Ohio.

4. Venue is proper in the Northern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391.

## PARTIES AND BACKGROUND

5. Magnum Towing & Recovery, LLC (hereafter "Magnum") is a limited liability company, organized under the laws of the State of Ohio. Anna Petry is the owner, sole member, and managing member of Magnum.

6. Magnum is a licensed tow operator doing business mainly in the great Toledo metropolitan area. Plaintiff is also known as, under R.C. § 4921.30 and Toledo Municipal Code 765.01, as a "for hire motor vehicle transportation service."

7. The City of Toledo, Lucas County, Ohio is a political subdivision subject to suit for constitutional and statutory claims and has no immunity pursuant to R.C. §2744.09 (E).

8. In 1996, Magnum applied for a "Class A" license from the City of Toledo to perform "no-consensual" tows for the City of Toledo Police Department.

9. Captain Jeff Henessey and Officer Kathy Trautman are police officers employed by the City of Toledo in the Vehicle Impound Office who, at times, have acted outside of their authority, subjecting themselves to personal liability. At other times, these Defendants, acted within the scope of their employment, under color of law, but to the detriment of Plaintiffs.

10. Magnum qualified for the "Class A" license in each and every respect.

11. After initially issuing Magnum a "Class A" license, the City of Toledo withdrew its approval for the "Class A" license and refused to add Magnum to the police tow list.

12. Litigation ensued. Anna Petry d.b.a. Magnum Towing sued the City of Toledo seeking to gain the "Class A" license and access to the police tow list. The case of *Petry v. City of Toledo, et al., Case No. 3:98 CV 7188*, United States District Court for the Northern District of Ohio, Western Division, was eventually settled. A copy of the settlement agreement is attached hereto as *Exhibit A*.

13. The District Court expressly retained jurisdiction over the 1998 case to enforce the settlement agreement.

14. As part of the settlement, Magnum was granted a "Class A" tow license and placed on the City of Toledo tow list. See, *Exhibit A*.

15. Magnum began operations as a police "for hire motor vehicle transportation service" in 1998, with its primary lot located at 515 Wamba Street, Toledo, Ohio 43607 Magnum added an auxiliary lot at 3400 South Avenue, Toledo, Ohio 43609 approximately six months later.

16. The settlement agreement was entered into with the understanding that: a) Magnum would move its operations permanently to the South Avenue location.; b) Magnum was to complete the preparations for the South Avenue location within "the time prescribed by law"; c) that the necessary special use permit (SUP) would be expedited through the City of Toledo's Plan Commission and Council Commission; and, d) that the City would cease any and all retaliatory actions against Magnum. Magnum was to be, and is to be, treated no better and/or no worse than any other tow operator on the police tow list. See, *Exhibit A*.

17. From the inception of Magnum's entry into the market as a police tow operator, the City of Toledo has failed to honor the settlement agreement and has engaged in unfair and retaliatory actions against Magnum. See Motion to Enforce Settlement Agreement filed contemporaneously herewith, *Exhibit B*.

**COUNT I – DECLARATORY AND INJUNCTIVE RELIEF**

18. Plaintiffs reallege and incorporate by reference Paragraphs 1 though 17 above.

19. Police tows in the City of Toledo are allegedly governed by the Toledo Municipal Code Chapter 765. See, *Exhibit C*.

20. Defendants have selectively enforced the Municipal Code, both by picking and choosing which provision of the Municipal Code it chooses to honor, and also by picking and choosing against whom the City decides to enforce the code.

21. Sections of 765 of the Municipal Code are contrary to Ohio Revised Code §4513 et seq. and the Constitution of the State of Ohio, and as such are invalid and unenforceable.

22. Toledo Municipal Code § 765.12(h) is and has been pre-empted by Ohio Revised Code §4921 et. seq., in particular O.R.C. §4921.30 and § 4921.25 which expressly state that the regulation of the towing, storage of motor vehicles and the City's $10.00 fee requirement for assignment of a tow is solely subject to the rules and regulations of the Public Utilities Commission of the State of Ohio. See, *Exhibit D*.

23. Plaintiffs seek declaratory relief that the above section of the Toledo Municipal Code Chapter 765 is invalid and unenforceable and that Defendants be enjoined from enforcing said Municipal Code.

## COUNT II – DENIAL OF DUE PROCESS UNDER 42 U.S.C. §1983 AND OHIO CONSTITUTION, ARTICLE I §1

24. Plaintiffs reallege and incorporate by reference Paragraphs 1 though 23 above.

25. Plaintiffs have a constitutionally protected interest in conducting police tows.

26. Defendants have wrongfully deprived Plaintiffs of Plaintiffs' protected interest without due process and/or just compensation, contrary to the United States Code 42 U.S.C. § 1983, the Ohio Constitution Article I, § 1, the U. S. Constitution Amendment 14, and the laws of the State of Ohio.

27. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged, and continue to suffer damages.

## COUNT III – DEPRIVATION OF PLAINTIFFS CONSTITUTIONALLY PROTECTED CONTRACT RIGHTS PURSUANT TO 42 U.S.C. §1983 AND OHIO CONSTITUTION

28. Plaintiffs reallege and incorporate by reference Paragraphs 1 though 27 above.

29. O.R.C. §4513.62 expressly sets forth the procedures for the regulation of police auction vehicles and the disposal of junk vehicles including the disbursement of funds obtained through the auctioning of vehicles and the disposal of junk vehicles.

30. Defendants have systematically ignored §4513.62 and failed to pay Plaintiffs what Plaintiffs are due from the sale of auction vehicles and the disposal of junk vehicles, in violation of Arr. I § 1 of Ohio's Constitution, the 14th Amendment of the United States Constitution and the United States Code, 42 U.S.C. § 1983.

31. As a direct and proximate result of Defendants' actions, Plaintiffs were damaged, and continue to suffer damages, including loss of income and incurring reasonable Attorney fees.

### COUNT IV-BREACH OF CONTRACT

32. Plaintiffs reallege and incorporate by reference Paragraphs 1 though 31 above.

33. Plaintiffs and Defendants have an agreement whereby Plaintiffs are to receive a sum certain per police ordered tow.

34. Defendants have systematically failed to pay for tows ordered by the police and performed by Plaintiffs. To wit, the police have ordered Plaintiffs to perform numerous secondary tows to bring vehicles to the police auction site.

35. Defendants have failed to pay for these tows or to allow Plaintiffs to collect fees for these tows.

36. As a direct and proximate result of Defendants' breach of the agreement between Plaintiffs and Defendants, Plaintiffs were damaged, and continue to suffer damages including loss of income, and interest on that income.

### COUNT V-WRONGFUL PROSECUTION

37. Plaintiffs reallege and incorporate by reference Paragraphs 1 though 36 above.

38. At the instigation of Defendants, Plaintiffs have had numerous frivolous criminal charges brought against employees and individuals associated with Plaintiffs' business, including Anna Petrey and both of her sons, Kevin Trombley and Keith Trombley. Defendants have targeted Plaintiffs in hopes of putting Plaintiffs out of business.

39. As a direct and proximate result of Defendants' wrongful and selective prosecution, Plaintiffs were damaged, and continue to suffer damages, including incurring reasonable Attorney fees, emotional distress, loss of work opportunity and loss of income.

## COUNT VI – ABUSE OF PROCESS

40. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 39.

41. Defendants have systematically used the Toledo Municipal Code, both civil and the criminal provisions, for the purpose of attempting to put Plaintiffs out of business, as well as using the legal process for an ulterior purpose (e.g., issuing Plaintiffs citations for "illegal dumping" and zoning issues) that of attempting to put Plaintiffs out of business.

42. Defendants conduct has been malicious, willful and/or intentional and was not a proper use in the regular conduct of legal proceeding.

43. As a direct and proximate result of Defendants' abuse of process, Plaintiffs were damaged and continue to suffer damages, and incur reasonable Attorney fees.

## COUNT VII – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

44. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 43.

45. Plaintiffs have a valid contractual relationship with Defendant City of Toledo to perform police tows and storage.

46. Plaintiffs have a valid business expectancy that Plaintiffs are permitted to conduct police tows, store towed vehicles, and collect fees for Plaintiffs' work.

47. As set forth in all the preceding paragraphs herein, Defendants have intentionally interfered with Plaintiffs aforesaid business relationship and business expectations.

48. As a direct and proximate result of Defendants' interference, Plaintiffs have been damaged, and continue to suffer damages.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 48.

50. Plaintiff Anna Petrey has only wanted to be able to conduct business on a fair and level playing field since the onset of the business relationship between Defendants and Plaintiffs.

51. Defendants have conducted a campaign of extreme and outrageous conduct, including, but not limited to, multiple arrests of Anna Petrey's children and various threats to her, her business, her children, with the intent to put Plaintiffs out of business and to cause Anna Petrey emotional distress.

52. As a direct and proximate result of Defendants' acts, Plaintiff Anna Petrey has been damaged, and continues to suffer damages.

WHEREFORE, Plaintiffs request against all Defendants, jointly and severally, declaratory and injunctive relief as stated; actual damages in excess of $1,000,000; punitive damages; reasonable attorneys fees pursuant to 43 U.S.C. § 1988; costs; interest and such other relief as the court deems proper.

Respectfully Submitted,

*(signature)*

Patricia Horner, Esq. (#0039912)
412 Fourteenth Street
Toledo, Ohio 43624
(419) 244-7753
Fax (419) 244-1119
E-mail: phorneratty@yahoo.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand a jury on all issues so triable.

*(signature)*

Patricia Horner

10