IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MAGNUM TOWING & RECOVERY, LLC et al. | ) ) | Case No. 3:04CV7671 |
| | ) | Hon. James G. Carr |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| CITY OF TOLEDO, et al. | ) ) | Barbara E. Herring, Director (0013056) |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) | James G. Burkhardt, Chief – Labor & Employment Law (0018636) City of Toledo Department of Law One Government Center Suite 2250 Toledo, Ohio  43604-2293  (419) 245-1020  (419) 245-1090 (FAX) james.burkhardt@toledo.oh.gov |
| _____ | ) | Counsel for Defendants |

In addition to responding to Defendants' Motion to Dismiss, Plaintiffs have filed a Motion for partial Summary Judgment in which they reiterate their due process claims. On the one hand, Plaintiffs claim a right to due process before the City could amend its own municipal towing code and open its own storage lot for police-ordered towed vehicles. On the other,

Magnum claims it was removed from the police towing list in July 2003 and June 2004 without being afforded some process allegedly due. Defendants have addressed these issues in their Memorandum in Support of Motion to Dismiss and in their Reply Defendants' response to that Motion, and incorporate those memoranda by reference.

Magnum, in essence, claims a property interest in "storing police-ordered tow vehicles" and "getting $85.00 per police tow as opposed to $55.00." However, as demonstrated in Defendants' Memorandum in Support and in its Reply to Plaintiffs' Response, Plaintiffs do not have a legitimate claim of entitlement to an "already acquired benefit" of towing and storing police tow vehicles. A legislative body may constitutionally change its regulations and thereby eliminate or interfere with previously acquired rights. Federal Housing Administrative v. Darlington, Inc. 358 U.S. 84, 91 Ohio Sup. Ct. 141 3 L.Ed. 2d 132. "Procedural due process requirements do not apply" to legislative enactments. Jackson Court Condominiums, Inc. v. New Orleans, 874 Fed. 2d 1070, 1074 (5th Cir. 1989). Here, Toledo City Council voted to open a central storage lot with the purpose of increasing public convenience and reducing the cost associated with inspecting and maintaining storage vehicles for the City of Toledo. (Ord. 649-04/39-05). (Affidavit of Gerald Dendinger, Clerk of Council, attached as Appendix A.)

Unquestionably, the City's Tow Code provides that a tower may appeal a suspension or revocation imposed under Municipal Code Section 765.23 (TMC Sec. 765.23(e)). However, Plaintiffs were not denied this right in either of the instances cited as there was no suspension or revocation imposed under Section 765.23. A suspension or revocation may be imposed under this section when "a permittee has violated any provision of this chapter [TMC 765] or any regulation of the Director of Public Safety . . .". TMC 765.23(b).

2

The July 14, 2003 instance alleged by Plaintiffs did not involve a suspension or revocation. Rather, as Plaintiffs admit, their facility at South Avenue had not been completed, yet they attempted to operate from that location. As it was not yet in compliance with either the City's Building Code or the City's Tow Code, Plaintiffs simply could not yet operate there.[1] This was, therefore, not a matter of suspending or revoking Plaintiffs' license for a violation of the Tow Code, but rather a prohibition against operating at a new location with having the requisite pre-approvals. Plaintiffs seemingly maintain that they could prematurely begin operations there and then continue to do so pending an appeal pursuant to the stay provisions of TMC Sec. 765.24(c). A "revocation" as provided under Sec. 765.23 had not and could not occur, as Magnum was not yet lawfully operating at the South Avenue site.

Magnum was then disallowed from continuing to perform police tows when it failed to remit the $10 per tow payment by June 4, 2004.[2] The Tow Code specifies in this regard:

> (h) A permittee shall remit to the City of Toledo ten dollars ($10.00) on a quarterly basis for every vehicle towed or item of personal property towed separately, pursuant to this section. This payment to the City of Toledo shall be required regardless of whether or not the permittee receives payment from the vehicle owner. <u>Failure to remit this payment within thirty (30) days of invoice date from the City of Toledo Department of Finance shall be cause for revocation of Police Towing Permit.</u> (Ord. 829-03; Appendix 3)

Plaintiffs do not allege that they met this requirement, but rather that they were entitled to a right of appeal over the revocation that ensued. The language of this provision is mandatory: failure to remit the payment shall be cause for revocation; no action by the Safety Director is required.

---

[1] Plaintiffs seem to claim that the Settlement Agreement in the <u>Petrey</u> case allowed them to operate from the South Avenue location. All that the agreement specifies, however, is that Magnum may continue to operate its Wamba facility without obtaining a Special Use Permit there so long as they were progressing toward opening the South Avenue tow lot within time periods prescribed by law for that construction. (Plaintiffs' Exh. A) There was therefore no apparent need to try to begin operating at South Avenue before that facility was completed.

[2] Plaintiffs made no specific allegation in their Amended Complaint about the June 2004 incident, but instead raise the matter in their Summary Judgment memorandum and supply no affidavits to support their assertions. Notably, it is this same $10 payment that Plaintiffs contest as a hidden or excessive license fee in Count II of their complaint.

To invoke the provisions of Section 765.23 and allow a permittee to withhold payment, await charges by the Safety Director, and then appeal (and thereby automatically stay the revocation pursuant to TMC 765.24(c), would totally defeat the requirement to promptly remit $10 from the payments already received from vehicle owners.   This Court recognized as much in denying Magnum a Temporary Restraining Order when they were removed from the tow list at the time. (*See* Petrey, 3:98CV7188, June 17, 2004) The Court recognized that TMC Sec. 765.12(h) was "self-effectuating".

Accordingly, Plaintiffs have not been entitled to due process under the circumstances alleged.  Their request for partial summary judgment must therefore be denied.

>Respectfully submitted,
>
>BARBARA E. HERRING, DIRECTOR OF LAW
>
>/s/James G. Burkhardt
>James G. Burkhardt, Chief – Labor & Employment Law
>Counsel for Defendants, City of Toledo, et al.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum In Opposition To Motion For Summary Judgment was sent by ordinary U.S. mail to Timothy A. Magee, Esq., counsel for plaintiffs, 347 N. Main St., Suite 3, Bowling Green, Ohio  43402 and was electronically filed with the U.S. District Court this 3rd day of January 2006.

/s/James G. Burkhardt
James G. Burkhardt, Esq.

BR/JB/MAGNUM TOWING[MEMO-OPPOSITION TO SJ.MAGNUM]