# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MAGNUM TOWING & RECOVERY, LLC ET AL. ) | CASE NO. 3:04 CV 7671 |
| ) | |
| ) | JUDGE JAMES G. CARR |
| ) | |
|     Plaintiffs ) | |
| ) | |
| vs. ) | **RESPONSE TO MOTION TO** |
| ) | **STRIKE/SUR-REPLY TO** |
| CITY OF TOLEDO, ET AL. ) | **DEFENDANTS REPLY TO** |
| ) | **PLAINTIFFS RESPONSE** |
| ) | |
|     Defendants. ) | |

## BACKGROUND STATUS

    Defendants in the above captioned matter have filed for summary judgment on all of the remaining counts of Plaintiffs' Amended Complaint, including Plaintiffs' three claims based upon federal law (42 USC § 1983) and Plaintiffs' state law claims. Plaintiffs responded to Defendants Motion for Summary Judgment, including in that response two affidavits and a number of documents obtained from Defendants via discovery and copied directly from the City of Toledo's Building Inspection Department. The documents attached to Plaintiffs' Response clearly show that Defendants, without cause, removed Magnum Towing from the Police Tow list on July 14, 2003, and then after the fact tried to utilize the City Building Inspection Department to justify Defendants removal of Plaintiffs from the tow list. Defendants replied to Plaintiffs Response by attacking the validity of the documents originating from the City Building Department, filing a Motion to Strike the documents contemporaneously with the Reply. Defendants in their Reply also challenge the use of the documents, claiming that the documents are hearsay. Finally, Defendants in their Reply also question the sufficiency of the evidence

presented by Plaintiffs relative to the state law claims.

Plaintiff's have responded to Defendants reply with a Notice of Intent to File Sur-reply, whereby Plaintiffs indicated that Plaintiffs would attempt to obtain affidavits authenticating the documents in question. Plaintiffs further filed a Supplement to Plaintiffs' Response to Defendants Motion for Summary Judgment whereby Plaintiff introduce two additional documents originating from the State of Ohio Sales Tax Division. These documents again show Defendants' malicious intent towards Magnum in that it was at Defendants' instigation that criminal charges relative to the sales tax issue were brought against Anna Petry. As anticipated, the Defendants again filed a Motion to Strike the documents, again raising the hearsay and authentication issue.

**ARGUMENT**

Defendants argument that the documents in question should be stricken pursuant to the evidentiary rules as to hearsay is misplaced. Virtually any and all documents, including affidavits, attached to a Summary Judgment motion or response fall under the category of hearsay, in that they are out of court statements for which the opposing side has not had the opportunity to cross-examine the declarant. That is why affidavits by and large are not admissible at trial. By Defendants reasoning, any affidavits submitted pursuant to a Motion should be stricken as hearsay. Obviously this is contrary to the Federal Rules of Civil Procedure, in particular Civil Rule 56.

Defendants argument that the documents in question should be stricken due to authenticity issues is equally without merit. Again, Plaintiffs do not believe that the Defendants seriously question the authenticity of the documents in question, as after all, the documents by and large were generated by Defendant City of Toledo and were contained within their responses

to discovery.  Be that as it may, Plaintiffs have attempted to authenticate the documents from the City Building Inspection Department by providing an affidavit for Beverly Lewandowski, the City employee in the Building Department who gave Counsel the Building Department file for copying and who as well was the individual who wrote a number of the notes in the file.  A copy of the proposed affidavit with cover sheet is attached hereto as Exhibit A.  Counsel called the City Building Department, explained the need for the affidavit, and was instructed to forward it to Department.  The affidavit in question was presented to the City Building Department back on August 14, 2007, with the understanding that the affiant Ms. Lewandowski would execute the affidavit upon her return from vacation on Monday, August 20, 2007.  Then Counsel received word that Defendants did not want paragraph 4 contained as part of the affidavit.  Counsel indicated that was fine and that paragraph 4 would be stricken from the affidavit.  Likewise Counsel then received a phone message from Ms. Lewandowski personally that she had been instructed not to sign the affidavit with paragraph 4 contained therein (the phone message has been saved).  Counsel then spoke to Ms. Lewandowski in person to confirm that paragraph 4 would be taken out of the affidavit.  As Counsel was in the process of revising the affidavit, he received a phone call from the City Law Department informing him that Ms. Lewandowki would not be signing an affidavit period.  Counsel then spoke again to Ms. Lewandowski who confirmed that she had been instructed by the City Law Department not to sign any sort of affidavit.

      Which brings us to where we are now.  Federal Rule of Civil Procedure 56 (f) states:

> **When Affidavits Are Unavailable**.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, **the court may refuse the application for judgment** or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may

make such other order as is just.  (Emphasis added).

Defendants have made the claim that the documents in question should be stricken because they are allegedly unauthenticated, and then have turned around to prevent the documents from being authenticated by affidavit.  The necessary affidavit is unavailable, solely due to Defendants actions.  For this reason alone, Plaintiff requests that Defendants' Motion for Summary Judgment be denied.  Consistent with Civil Rule 56, Counsel is willing to provide an additional affidavit to the effect that the City Building Department pursuant to instructions from the City Law Department refuses to provide an affidavit.

The two documents attached to Plaintiffs' Supplement to Plaintiffs' Response to Defendants Motion for Summary Judgment have also been challenged by Defendants.  Those documents indicate that criminal charges were brought against Anna Petry at the instigation of Defendants and that Defendants were conducting their own "investigation" (targeting) of Magnum.  An affidavit has been provided to Kathy Zumfelde (the individual who provided the State Sales Tax Department file documents in question) to authenticate the documents.  Counsel spoke with Ms. Zumfelde who indicated the affidavit had been forwarded to legal counsel for the State Sales Tax Department, Margaret Brewer, Esq., (614) 387-2988, for review prior to signature.  Counsel has called Ms. Brewer but has not yet received a response.  A copy of the proposed affidavit with cover sheet is attached hereto as Exhibit B.

Lastly, Defendants have challenged the October 25, 2003 auction results document (attached to Plaintiffs' Response to Defendants' Motion For Summary Judgment as Exhibit C). Attached hereto as Exhibit C is the affidavit of Anna Petry.  As the affidavit indicates, the auction results document was provided to Plaintiffs from Defendants after the October 25, 2003 auction, as was the normal procedure regarding the police tow auctions.

**SUMMARY**

Defendants have created a situation whereby they are demanding that certain documents be authenticated, but then refusing to allow the affidavit that would authenticate the documents. Since that affidavit is unavailable, and unavailable purely because of Defendants acts, Plaintiffs request, pursuant to Civil Rule 56 (f), that the Court refuse Defendants application for Summary Judgment. Of further note, Defendants have not addressed the contents of the documents in question. Defendants have offered no explanation for the fact that Magnum was wrongfully removed from the tow list on July 14, 2003, was given no due process relative to the removal, and that Defendants attempted to justify the removal after the fact through the misuse of the City Building Department. Defendants have further offered no explanation as to why they were conducting an "investigation" of Magnum and pushing for criminal charges to be lodged against Anna Petry. Defendants offer no explanation because the only credible explanation is that Defendants were targeting Magnum. Defendants set out to "get" Magnum and that is exactly what they did. Defendants Motion for Summary Judgment should be denied. Plaintiffs deserve their day in court.

Respectfully Submitted,

*/s/ Timothy A. Magee*
Timothy A. Magee
347 N. Main Street, Suite 1
Bowling Green, Ohio 43402
(419) 353-1856
Magee_law@cros.net

Certificate of Service
A copy of the foregoing was served electronically upon counsel for Defendants this 23th day of August, 2007.

/s/ Timothy A. Magee